THE STATE OF FLORIDA ex rel. F. E. HANSON v. J. M. MORQUS, as President of the City Countil of the City of Arcadia, and J. L. NEWTON, J. C. RALLS, GUS DICKHART, and LEWIS BISHOP, as members of the City Council of the City of Arcadia.

34 So. (2nd) 113

February 28, 1948

Rehearing denied March 20, 1948

January Term, 1948

En Banc

*Rosin & Paderewski,* for appellant.

*George Leitner,* for appellees.

BARNS, J.:

The Legislature, by House Bill No. 1374, provided for the abolishment of the City of Arcadia and the creation of the "Arcadia Municipal District" in its stead. The Bill provided for a referendum to the electors of Arcadia and that the law should become of full force and effect upon its being approved by the electors. No election was called by the respondents.

A Writ of mandamus was issued against the City Council of the City of Arcadia, requiring it to call a referendum election, as provided in House Bill No. 1374, or show cause. To this alternative writ of mandamus, the City Council answered that it had refused to call an election according to the terms of the Bill, on the following grounds: (1) That "the County Commissioners of DeSoto County, Florida, are authorized and empowered to levy the millage on, and the Tax Assessor of DeSoto County, Florida, to assess all of the property within the said proposed 'Arcadia Municipal District' for municipal purposes and no official of the said 'Arcadia Municipal District' is given any power or authority to assess any property within the said 'Arcadia Municipal District' for municipal

purposes; contrary to Article 9, Section 5 of the Constitution of the State of Florida," and (2) "it seeks to regulate the jurisdiction and duties of a class of officers other than municipal officers, to-wit, the County Commissioners of DeSoto County, Florida; County Judge of DeSoto County, Florida; Tax Assessor of DeSoto County, Florida; Clerk of the Circuit Court of DeSoto County, Florida; the Sheriff of DeSoto County, Florida; and the Tax Collector of DeSoto County, Florida, or one of them, contrary to Article 3, Section 20, of the Constitution of the State of Florida;" (3) that the said Bill calls for an election by the voters of the present City of Arcadia, and not by the voters of the County of DeSoto; (4) that "it attempts to by a special or local law regulate the practice of a court of justice, to-wit, the County Court of DeSoto County, Florida, contrary to Article 3, Section 20 of the Constitution of Florida."

The said City likewise filed its motion to quash the alternative writ of mandamus upon the grounds set forth in its answer.

The trial judge sustained the motion to quash and the alternative writ of mandamus, whereupon the petitioners appealed said order.

It is apparent from a reading of the Bill that the Legislature provided for abolishing the present City of Arcadia and re-created the same area into another municipality, to be known as the "Arcadia Municipal District," retaining for the new municipality the ordinances of the former city. The said Bill provided that certain municipal functions should, upon the Bill's becoming effective, be discharged by the County Commissioners, and the Sheriff of DeSoto County, and that the State Board of Administration should serve as the fiscal agent of the newly created municipality. The provision that County officers should discharge municipal functions did not convert them from municipal to county functions. Such county officers, in discharging municipal functions, act as *ex officio* officers of the municipality.

We find no constitutional prohibition against the Legislature's providing for the discharge of municipal functions by

county officers and, upon the showing made before this Court, we are unable to conclude that the said Bill is unconstitutional upon the ground stated in the motion to quash.

Wherefore the order quashing said alternative writ is reversed.

TERRELL, BUFORD, CHAPMAN and SEBRING, JJ., concur.

THOMAS, C. J., and ADAMS, J., dissent.